BRIDGES (HANEY) *v.* HANEY.

Opinion delivered January 28, 1918.

1.  APPEAL AND ERROR—REPLEVIN—EXCEPTIONS CAN NOT BE SAVED FOR ANOTHER.—In an action in replevin the plaintiff testified that she had no interest in the cotton involved, but one F. asked to be allowed to intervene but permission was refused by the court, but F. saved no exceptions and filed no motion for a new trial. Plaintiff, however, did save exceptions and made the court's action toward F. a ground for a new trial. *Held,* plaintiff could not act for F., and that her attempt to do so was unavailing.

2. APPEAL AND ERROR—ADMISSION OF DEBT, JUDGMENT AND COSTS.— Where defendant in an action for money admits the debt, but refuses to tender payment, a judgment for the same and costs, against the defendant, is proper.

Appeal from Lawrence Circuit Court, Eastern District; *Dene H. Coleman,* Judge; affirmed.

*W. E. Beloate,* for appellant.

1. The question of ownership was one of fact for the jury. If Fender was to collect and credit upon a debt due by appellant to him, he would be a mere agent and the suit was properly brought in her name. Bliss on Code Pl., § § 56-8. Mrs. Haney was the only proper plaintiff and entitled to relief. 48 Ark. 355. Fender had a mortgage on the land. He should have been made a party. 74 Ark. 54; 49 *Id.* 100.

2. Instructions 4 and 5 are inconsistent. Pearl Haney's intervention should have gone to the jury. 49 Ark. 100.

*W. P. Smith* and *G. M. Gibson,* for appellee.

1. The court properly refused to make Fender a party. Pearl Haney had no interest in the cotton, and was not the proper party plaintiff. Kirby's Digest, § 5999; 5 Ark. 93; 39 *Id.* 172; 36 *Id.* 561; 48 *Id.* 355; 92 *Id.* 215. Fender took no appeal and is not now complaining. He was not a necessary party. 49 Ark. 100.

2. The assignment of the interest of the landlord in a crop does not carry the lien. 31 Ark. 597; 36 *Id.* 561.

3. There is no inconsistency in instructions 4 and 5. Pearl Haney had no interest in the rent. She should have asked a specific instruction if she had any rights. 78 Ark. 100; 102 *Id.* 588; 104 *Id.* 322.

4. There is no error in the instructions and the verdict is supported by the evidence.

### STATEMENT OF FACTS.

These are companion cases and resulted from the same transaction. The same statement of facts will be necessary to determine the issues in the appeal in each case and one opinion will suffice.

Pearl Haney owned a farm in Randolph County, Arkansas, and Rufe Johnson made a crop of corn and cotton on it on the shares. B. H. Haney, a brother of the husband of Pearl Haney, claiming to have purchased an interest in the crop, gathered a part of the cotton and disposed of it to D. Bloom, a ginner. No. 5021 is a replevin suit instituted by Pearl Haney against Rufe Johnson to obtain possession of the cotton disposed of by B. H. Haney, or in lieu thereof to obtain judgment for its value. B. H. Haney filed an interplea, in which he claimed the cotton by purchase from Pearl Haney. The case was commenced in the circuit court and was tried before a jury. B. H. Haney and other witnesses for him testified to a state of facts which established his claim to the cotton. Their testimony was the same as in case No. 5022, and will be stated more in detail later.

Pearl Haney testified that she had given her father an equitable mortgage on the rents. It does not appear that this mortgage was ever reduced to writing and filed for record. Her father, D. W. Fender, corroborated her testimony in this respect. Pearl Haney, also, denied that she had sold the cotton to B. H. Haney. Fender admitted that he directed the suit to be brought in his daughter's name. At the conclusion of the testimony Fender asked to be permitted to intervene and claim the cotton as his own. The court refused to grant him permission to file his intervention, and Pearl Haney, the plaintiff in the case, excepted to the ruling of the court and in her motion for a new trial assigned as error the action of the court in refusing to allow Fender to file his intervention.

In No. 5022, B. H. Haney sued D. Bloom and the Lawrence County Bank on a check given him by Bloom on the bank. The facts in this case are that B. H. Haney, claiming to have purchased it from Pearl Haney and her husband, gathered some cotton grown by Rufe Johnson on the farm of Pearl Haney and sold it to D. Bloom, a ginner, for the sum of $79.65, and Bloom gave him a check on the Lawrence County Bank for that sum. Haney cashed the check at the Pocahontas State Bank, and in

due course the check was presented to the Lawrence County Bank for payment. In the meantime Pearl Haney had notified Bloom that she claimed the cotton and Bloom in turn notified the bank not to pay the check. Bloom had at the time sufficient funds in the bank for the payment of the check. The bank refused payment as requested by Bloom and Pearl Haney. The check was protested for nonpayment. The protest fees amounted to $4.75. After the Lawrence County Bank refused to cash the check, B. H. Haney redeemed it from Pocahontas State Bank. Bloom and the Lawrence County Bank filed a motion in the justice court setting up these facts and asking that Pearl Haney be made a party defendant. The court granted their request, and she entered her appearance to the action. The court, after hearing the evidence introduced by the plaintiff (there being none introduced by the defendants), rendered judgment in favor of the plaintiff for the amount of the check and the protest fees. Pearl Haney appealed to the circuit court. There her father, D. W. Fender, filed an intervention, in which he stated that he was the equitable owner of the cotton and entitled to the proceeds thereof, and especially the check which was the subject-matter of the suit. He alleged that the check was the proceeds of cotton raised on the land of Pearl Haney, and that the cotton had been mortgaged to him to secure a certain indebtedness and that his mortgage included the rents on the land.

On the trial of the case B. H. Haney testified that Rufe Johnson made a share crop on the land of Pearl Haney and that the cotton in question was a part of that crop; that he purchased from Pearl Haney and her husband her interest in the crop before it was gathered and gave them therefor a pair of horses; that he paid full value for the crop at the time and believed he was getting a good title thereto. Other witnesses testified that Pearl Haney admitted to them after the sale that she and her husband had sold her interest in the crop to B. H. Haney for the horses. B. H. Haney gathered a part of the cot-

ton and sold it to D. Bloom for $79.65, which was its full value.

Pearl Haney testified that she had no interest in the crop; that she had mortgaged her rents to her father for a debt due him, and that the rents belonged to him; that the mortgage was not reduced to writing. Her testimony was corroborated by that of her father. She also denied that she had sold the cotton to B. H. Haney. She stated that her husband sold her interest in the crop to Haney without her knowledge and consent and that he had no authority to do so. In a short time thereafter she and her husband separated.

In case No. 5021 the court told the jury that the undisputed evidence showed that the cotton did not belong to the plaintiff, Pearl Haney, and instructed it to return a verdict for B. H. Haney for possession of the cotton.

In case No. 5022 the court, after giving a short history of the case to the jury said that practically the only question for the jury to determine from the evidence in the case was whether or not at the time the check was given the plaintiff, B. H. Haney, was the owner of the cotton or whether D. W. Fender was the owner thereof and entitled to the money called for by the check. The court further told the jury that the burden of proof was upon B. H. Haney to show that he was the owner of the cotton for which the instruction was given. The court also gave to the jury instructions Nos. 4 and 5. The instructions are as follows:

"4. If you find from the evidence from a preponderance or greater weight of the evidence that it was Haney's crop, why, he would be entitled to judgment at your hands for the amount stated—there is no controversy about the amount."

"5. If you believe from the evidence that the cotton was the property of the intervener, why, it would be your duty to return a verdict for him for the amount claimed. Unless you believe that it was D. W. Fender's cotton, your verdict should be for plaintiff, B. H. Haney."

The jury returned a verdict for the plaintiff for the amount of the check and the protest fees.

A separate appeal was taken from the judgment in each case.

HART, J., (after stating the facts). (1) As to the replevin suit No. 5021 but little need be said. Pearl Haney testified that she did not have any interest in the cotton involved in that case and did not claim any interest therein. She was corroborated by the testimony of her father. Therefore, the court properly told the jury that the undisputed evidence showed that she was not the owner of the cotton. But it is claimed by her that the court erred in directing a verdict for the defendant. The basis of this claim is that D. W. Fender at the conclusion of the testimony asked to be allowed to intervene and claim the cotton, and the court refused to allow him to do so. The record shows that at the conclusion of the evidence Fender asked to be allowed to intervene and that the court refused to allow him to do so. Fender saved no exceptions to the ruling of the court and filed no motion for a new trial. Therefore, under the settled rules of this court there is nothing for the court to review as to him. It is true the record shows that Pearl Haney excepted to the ruling of the court in refusing to allow her father to intervene and claim the cotton, and made the action of the court one of the grounds in her motion for a new trial. It is obvious, however, that she could not act for Fender. She suffered no prejudice to her rights by the action of the court in refusing to allow Fender to intervene and there was no error in the court directing a verdict for the defendant.

In No. 5022 it is insisted that the court erred in dismissing the interplea of Pearl Haney and refusing to allow her to have her rights decided by the jury. The record does not show that the court made any order dismissing her interplea. We presume that her contention in this behalf is based upon the instructions given by the court. It will be remembered that the court told the jury

that the only question for it to determine from the evidence was whether or not at the time the check was given B. H. Haney was the owner of the cotton, or whether D. W. Fender was the owner thereof and entitled to the amount of the check. Pearl Haney disclaimed any interest in the cotton and testified that she had mortgaged the rents to her father. He corroborated her testimony. It is obvious, then, that the court did not err in defining the issue to the jury in so far as she was concerned.

(2) It is next contended that instructions numbered 4 and 5 are inconsistent with each other. These instructions are set out in the statement of facts and need not be repeated here. It is evident that all the parties to the action considered the issue to be whether or not B. H. Haney or Fender owned the crop. All the parties agreed that Bloom gave full value for the cotton and that he owed some one for it. Bloom and the bank in their answer admitted that they owed some one for the cotton. They stated that Pearl Haney gave them notice not to pay the amount of the check to B. H. Haney. They asked that they hold the amount due on the check subject to the order of the court. They withheld payment on the check at the request of Pearl Haney, and if they wished to escape judgment for the money and the payment of costs in the action they should have deposited the money in court. It is obvious that they could not hold the money in their hands which they admitted belonged to either Bloom or D. W. Fender and escape a judgment against them for the amount of the check. The right of B. H. Haney to recover depended upon whether or not he had purchased the crop from Pearl Haney. According to his testimony he purchased the crop in good faith from her and paid full value therefor. His right to recover was made to depend upon the truth of his testimony in this regard. Pearl Haney denied that she had made the sale to him, but the jury has settled this disputed question of fact in favor of B. H. Haney. D. W. Fender could have no claim against Haney to the crop, for the mortgage of the rents to him by his daughter was never re-

duced to writing and filed for record as required by the statute. Kirby's Digest, § 5396. Therefore, he acquired no lien superior to the right of B. H. Haney if the latter was a *bona fide* purchaser of the crop.

It follows that the judgment in each case should be affirmed.